UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

"AMY", "VICKY" and "ALICE",

    Plaintiffs,

v.

DOUGLAS LANE PROBSTFELD,

    Defendant.

Case No.

COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiffs, "Amy", "Vicky" and "Alice" through their attorneys and Carol Hepburn and J. William Savage of Carol Hepburn, P.S., allege for their complaint as follows:

**NATURE OF THE ACTION**

This is a suit for damages arising out of the Defendant's criminal violations of federal child pornography statutes including 18 U.S.C. § 2252A(a)(5)(B).

18 U.S.C. § 2255(a) allows victims of child pornography to recover actual damages and the cost of the suit, including reasonable attorney's fees, from individuals who violate 18 U.S.C. § 2252A(a)(5)(B).

COMPLAINT - 1

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

18 U.S.C. § 2255(a) provides for a minimum of $150,000 in damages for a victim who is personally injured as a result of a violation of 18 U.S.C. § 2252A(a)(5)(B).

18 U.S.C. § 2252A(f) allows any person aggrieved by a violation of Section 2252A to sue for compensatory and punitive damages, the costs of the civil action, and reasonable fees for attorneys and expert witnesses.

## I. PARTIES

1.1  The Plaintiff, "Amy", is currently of majority age and resides in outside of the State of Washington.

1.2  "Amy" is a pseudonym for the victim depicted in the Misty child pornography series.

1.3  The Plaintiff, "Vicky", is currently of majority age.

1.4  "Vicky" is a pseudonym for the victim depicted in the Vicky child pornography series.

1.5  The Plaintiff, "Alice", is currently of majority age and resides outside of the State of Washington.

1.6  "Alice" is a pseudonym for the victim depicted in the "Christina" child pornography series now known as the "At_Dawn" child pornography series.

1.7  The Defendant, on information and belief, is currently residing in the Western District of Washington at Camas, WA 98607.

COMPLAINT - 2

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

## II. JURISDICTION AND VENUE

2.1 Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal laws 18 U.S.C. §§ 2252A(f) and 2255.

2.2 Federal diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2.3 Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because this is a civil action brought in the judicial district where the Defendant resides and a substantial part of the events or omissions giving rise to the Plaintiffs claim occurred in this judicial district.

## III. FACTUAL BACKGROUND

### A. AMY'S VICTIMIZATION

3.1 When she was eight and nine years old, Amy was repeatedly raped and sexually exploited by her uncle in order to produce child pornography.

3.2 The images of her abuse memorialize Amy being forced to endure rape, cunnilingus, fellatio, and digital penetration as a young girl. These images constitute child pornography within the meaning of 18 U.S.C. §2256(8).

3.3 Amy was sexually abused specifically for the purpose of producing child sex abuse images—child pornography Defendant was ultimately convicted of possessing.

COMPLAINT - 3

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

3.4     Immediately after her initial abuse, Amy received significant psychological counseling and—as reflected in her therapist's notes—by the end of her treatment in 1999, Amy was "back to normal" and engaged in age-appropriate activities such as dance.

3.5     Sadly, Amy's condition drastically deteriorated when she realized her child sex abuse images are widely collected and traded on the Internet. As her psychologist explained in Amy's restitution request, the "Misty" series depicting Amy as one of the most widely trafficked sets of child sex abuse images in the world.

3.6     As a result, Amy continues to be "known, revealed and publicly shamed, rather than anonymous…."

3.7     The collection and trading of Amy's child sex abuse images on the Internet have directly and proximately caused "long lasting and life changing impact[s] on her" that "are more resistant to treatment than those that would normally follow a time limited trauma, as her awareness of the continued existence of the pictures and their criminal use in a widespread way leads to an activation in these systems."

3.8     The "re-victimization" Amy suffers from the continued collection and distribution of her images and will last throughout her entire life.

**B. VICKY'S VICTIMIZATION**

3.9     When plaintiff Vicky was ten and eleven years of age, or younger, she was forced to perform sexual acts primarily for the purpose of producing images of child pornography.

COMPLAINT - 4

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

3.10     These images were distributed over the Internet and came to be known by consumers of them as the "Vicky" series of child pornography images.  These images constitute child pornography within the meaning of 18 U.S.C. §2256(8).

3.11     These images and videos, on information and belief, including depictions of crime scenes which involved Vicky as a prepubescent minor child being raped, sodomized, put in bondage, and forced to perform scripted sex acts with an adult male.

3.12     These images of Vicky's sexual abuse as a child are widely traded, by barter and commercial transaction, over the Internet.  The circulation of videos and images of her abuse keep the original abuse ever alive and present for Vicky in her everyday life.  Were her child pornography images not possessed and circulated by others, she would have been able to obtain the treatment necessary to overcome the fact and harm of the original abuse and live a normal life.

3.13     The continued distribution of images of her abuse has directly and proximately caused Vicky great and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity and loss of past and future wages, past and future expenses for medical psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

**C.  ALICE'S VICTIMIZATION**

3.14  Plaintiff Alice was three to four years old when she was first sexually abused.  After preschool or late at night her perpetrator would dress her up and do

COMPLAINT - 5

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

"photo shoots" with her that became sexualized with sexual acts including but not limited to digital penetration by him and oral sexual contact with her sister.  She was forced to pose in various ways and to act out sexually with her perpetrator and his adult male associates.  The photos and videos taken of Alice's sexual abuse were made for and were in fact traded among a group of pedophiles and ultimately on the internet at large in the general barter and trade of child pornography on the web.

3.15  Images of Alice traded on the internet constitute child pornography within the definition of 18 U.S.C §2256(8).

3.16  The circulation of Alice's images over the internet and among child pornography consumers has directly and proximately caused her great and permanent emotional injury including but not limited to fear, anxiety, anger, and developmental delay.  As a direct and proximate cause of the spread of the images of her abuse, she has incurred and will continue to incur expenses for medical and psychological treatment, educational disruption, lifelong loss of income earning capacity, lost past and future income, past and future loss of enjoyment of life and other losses to be described and proven at trial of this matter.

**D. DEFENDANT'S POSSESSION OF AMY, VICKY and ALICE'S CHILD SEX ABUSE IMAGES**

3.17   The Defendant was a paying consumer of child exploitation videos and photographs.

COMPLAINT - 6

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

3.18   In November 2008, the Defendant purchased a $99 membership in a child pornography website named "DreamZone" which allowed him unlimited access to various images of child pornography for one month.

3.19   The "DreamZone" website became the focus of a federal investigation and records from the "DreamZone" server indicated that Defendant was a paying customer of the website.

3.20   Immigration and Custom Enforcement (ICE) agents were specifically interested in the Defendant because he appeared in a previous ICE investigation in 2006 when he was on a list of apparent subscribers to another child pornography website.

3.20   In July 2009, federal agents searched the Defendant's home in Camas, Washington.

3.21   During the search, the Defendant refused to be interviewed by the agents but did comment that he was sure that children would continue to be molested whether or not anyone took pictures of the abuse.

3.22   ICE agents recovered three different computers (two laptops and a desktop) and conducted a forensic evaluation of these computers, which revealed over 40,000 images of child pornography on each of the computers.

3.23   The Defendant's child pornography was organized into a folder that was titled "Lil" and contained photographs and videos depicting horrendous rape and sexual abuse of not just minors, but infants.

COMPLAINT - 7

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

3.24    The Defendant's collection of child pornography included images of sadistic and masochistic behavior against minors, including the bondage of a minor.

3.25    Child Victim Identification Program (CVIP) analysts at the National Center for Missing and Exploited Children (NCMEC) matched images on the Defendant's computer to images of Amy in NCMEC's database and notified the government of its findings in a CVIP report.

3.26    Upon information and belief, CVIP analysts found that Defendant's collection of child pornography included the "Misty Series" which features images of Amy as a pre-pubescent girl being forced to perform a series of extremely graphic sexual acts, including oral copulation, anal penetration, and masturbation, with an adult man.

3.27    Upon information and belief, CVIP analysts also found that Defendant's collection of child pornography included images or videos of Vicky which are part of the "Vicky Series", which show Vicky being sexually abused as a child by an adult man.

3.28    Upon information and belief, CVIP analysts also found that Defendant's collection of child pornography included images or videos of Alice which are part of the "Christina Series", which show Alice being sexually abused as a child by an adult man. The "Christina Series" is now known as "At_Dawn Series".

3.29    The Defendant was indicted in December 2009 on charges of possession of child pornography and receipt of child pornography.

3.30    In April 2010, the Defendant pled guilty to possessing child pornography.

COMPLAINT - 8

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

3.31    Pursuant to the plea agreement, the government agreed to drop the more serious charge of receipt of child pornography in exchange for the Defendant to undergo a psychosexual evaluation.

3.32    The district court sentenced the Defendant to one day in prison and ten years of supervised release, and ordered him to pay each Amy and Vicky $3,000 in restitution.  Alice's losses were not at that time documented, and she made no request for restitution from Defendant at that time.

### IV.    THE PLAINTIFFS' RIGHT TO PROCEED UNDER A PSEUDONYM

4.1    Concomitant with this complaint, the Plaintiffs have moved for permission to proceed in this case using pseudonyms in accordance with the applicable law in this circuit.

4.2    According to *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

4.3    As outlined in their Motion to Proceed Under a Pseudonym, the Plaintiffs' need for anonymity outweighs any prejudice to the Defendant or the public's interest in knowing their identity.

### V.    FIRST CLAIM FOR RELIEF 18 U.S.C. § 2255(a)

5.1    Plaintiffs repeat and re-allege all prior paragraphs.

COMPLAINT - 9

5.2     18 U.S.C. § 2255, entitled "Civil remedy for personal injuries," provides that any person who is a victim of a violation of 18 U.S.C. §§ 2252, 2252A and other provisions and who suffers personal injury as a result of such violation shall recover the actual damages the person sustains and the cost of the suit, including a reasonable attorney's fee.

5.3     18 U.S.C. § 2255(a) provides that any victim described in Section 2255 "shall be deemed to have sustained damages of no less than $150,000 in value."

5.4     Amy, Vicky, and Alice each have been notified by the United States Department of Justice that they are victims of Defendant's crime, and the United States District Court in *United States v. Probstfeld,* Case No. CR 09-5887 ordered Defendant to pay restitution to Amy and Vicky as victims of his crime.

5.5     Amy, Vicky and Alice suffer and continue to suffer personal injury as a result of the Defendant's criminal violations of the federal child pornography statutes and are each entitled to, including without limitation, damages of at minimum $150,000, the cost of the suit including a reasonable attorney's fee, prejudgment and post-judgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

**VI.     SECOND CLAIM FOR RELIEF 18 U.S.C. § 2252A(f)**

6.1     Plaintiffs repeat and re-allege all prior paragraphs.

6.2     Pursuant to 18 U.S.C. § 2252A(f), any person aggrieved by reason of the conduct prohibited in Section 2252A(a) or (b) may commence a civil action, and the

COMPLAINT - 10

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

court may award appropriate relief, including compensatory and punitive damages, the costs of the action, and reasonable fees for attorneys and expert witnesses.

      6.3    As detailed in Amy and Vicky's victim impact statements and restitutions request submitted in connection with the Defendant's criminal sentencing, Amy and Vicky were, and continue to be, aggrieved as a result of the Defendant's criminal acts. Alice, too, is aggrieved by Defendant's criminal acts.

      6.4    Amy, Vicky, and Alice are entitled to, including without limitation, compensatory and punitive damages, the costs of this action, reasonable fees for attorneys and expert witnesses, prejudgment and post-judgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

## VII. THIRD CLAIM FOR RELIEF---INTRUSION INTO PRIVATE AFFAIRS

      7.1    Plaintiffs repeat and re-allege all prior paragraphs.

      7.2    Plaintiffs had a right to maintain the privacy of images of themselves, which depicted private, embarrassing, or humiliating events or situations.

      7.3    The images of the Plaintiffs which were possessed and transported by the Defendant, were obviously, on their face, images of extremely private, intimate, embarrassing and humiliating events and situations which depicted Plaintiffs being raped, and otherwise sexually assaulted. Any reasonable person would know that these images were private and would find the disclosure of the images highly offensive.

      7.4    Defendant has intruded upon the private affairs of the Plaintiffs.

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

7.5     Plaintiffs have suffered and continue to suffer emotional distress including but not limited to humiliation and embarrassment, fear, anguish, nightmares, despair and depression, and the physical manifestations thereof, as a proximate result of the Defendant's intrusion into their private and intimate affairs.

7.6     As a proximate result of the Defendant's actions as alleged herein, Plaintiffs have suffered past and continuing emotional distress and physical symptoms thereof.

7.7     As a proximate result of the Defendant's actions as alleged herein, Plaintiffs have incurred and will in the future incur medical expenses and expenses for psychological treatment.

7.8     As a proximate result of the Defendant's actions as alleged herein, Plaintiffs have suffered and will continue to suffer a loss of income and benefits, a loss of income capacity, a loss of enjoyment of life, and other damages as will be proven at trial.

### VIII. FOURTH CLAIM FOR RELIEF---INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8.1     Plaintiffs repeat and re-allege all prior paragraphs.

8.2     Defendant's actions in viewing the images of Plaintiffs' rape and sexual victimization as a child are extreme and outrageous.

8.3     Defendant's conduct was undertaken with reckless disregard for the foreseeable likelihood of injury to the Plaintiffs.

8.4     Plaintiffs have suffered severe and continuing emotional distress and

COMPLAINT - 12

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

physical illness as a proximate result of Defendant's conduct.

8.5     As a proximate result of the Defendant's actions as alleged herein, Plaintiffs have incurred and will in the future incur medical expenses and expenses for psychological treatment.

8.6     As a proximate result of the Defendant's actions as alleged herein, Plaintiffs have suffered and will continue to suffer a loss of income and benefits, a loss of income capacity, a loss of enjoyment of life, and other damages as will be proven at trial.

## IX.     RELIEF REQUESTED

WHEREFORE, the Plaintiffs request judgment against the Defendant as follows:

9.1     Statutory damages of no less than $150,000 pursuant to 18 U.S.C. § 2255(a);

9.2     Actual damages pursuant to 18 U.S.C. § 2255(a);

9.3     Compensatory damages pursuant to 18 U.S.C. § 2252A(f)(2)(B);

9.4     Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2252A(f)(2)(B);

9.5     Costs of the action pursuant to 18 U.S.C. §§ 2255(a) and 2252A(f)(2)(C);

9.6     Reasonable attorneys' fees pursuant to 18 U.S.C. §§ 2255(a) and 2252A(f)(2)(C);

9.7     The cost of the suit pursuant to 18 U.S.C. § 2255(a);

9.8     Reasonable fees for expert witnesses pursuant to 18 U.S.C. § 2252A(f)(2)(C);

COMPLAINT - 13

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

1  9.9 Prejudgment and post-judgment interest;

2  9.10 Any relief within the Court's jurisdiction appropriate to the proof, whether or not demanded;

3  9.11 Such other and further relief as the Court deems just and proper.

Dated:  June 25, 2015.

CAROL L. HEPBURN, P.S.

By__/s Carol L. Hepburn_____

By _/s J. William Savage_____
Carol L. Hepburn, WSBA No. 8732
J. William Savage, WSBA No. 32148
2722 Eastlake Avenue East, #200
Seattle, WA  98102
 (206) 957-7272
(206) 957-7273 fax
Emails:  carol@hepburnlaw.net
         jwsavage@earthlink.net
Of attorneys for Plaintiffs Vicky and Alice,
And local attorney for Plaintiff Amy

MARSH LAW FIRM PLLC


By  s/ Robert Y. Lewis_____
Robert Y. Lewis (*pro hac vice pending*)
Telephone/Fax: (212) 372-3030
228 East 45th Street, 17th Floor
New York, NY  1017
Telephone / Fax: (212) 372-3030
Email: robertlewis@marshlaw.us
Of Attorneys for Plaintiff Amy

COMPLAINT - 14